COMAN et al. v. BAKER. (No. 473.)

(Court of Civil Appeals of Texas. El Paso. Nov. 4, 1915. Rehearing Denied Nov. 18, 1915.)

1. NUISANCE ⊜⇒65—BAWDYHOUSES—INJUNCTION—RESTRICTED DISTRICTS.

Under Rev. St. 1911, art. 4689, providing that the use of any premises for the purpose of keeping a bawdyhouse shall be enjoined at the suit of the state or ·any citizen thereof, provided that the provisions of the statute shall not apply nor be construed so as to interfere with the control and regulation of bawds and bawdyhouses by ordinances of incorporated towns and cities acting under special charters, and where the same are actually confined by ordinance of such city within a designated district of such city, plaintiff is not entitled to maintain his action to enjoin disorderly houses in the city of Houston where bawdyhouses are restricted by ordinance to a certain locality.

[Ed. Note.—For other cases, see Nuisance. Cent. Dig. §§ 158–160, 170, 171; Dec. Dig. ⊜⇒ 65.]

2. CONSTITUTIONAL LAW ⊜⇒63—DELEGATION OF POWER—REGULATION OF BAWDYHOUSES.

Although the Legislature may exempt portions of the state from the operation of a civil or penal statute, it cannot delegate that authority to any other body, so that an ordinance of a city attempting to except bawdyhouses from the provision of a general statute is void, although the Legislature has attempted to delegate the power to make the exception.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 108–114; Dec. Dig. ⊜⇒63.]

3. STATUTES ⊜⇒64—CONSTRUCTION—CIRCUMSTANCES OF PASSAGE.

Where a statute regulating bawdyhouses and exempting those in certain districts thus contains two provisions, and ·one of them is void, the circumstances of the passing of the act must be looked to to discover whether the Legislature would have passed one provision without the other, and, if it would not have passed one without the other, the courts cannot hold one invalid and one valid, since this would make a law which the Legislature did not make.

[Ed. Note.—For other ' cases, see Statutes, Cent. Dig. §§ 58–66, 195; Dec. Dig. ⊜⇒64.]

4. NUISANCE ⊜⇒72 — DISORDERLY HOUSES — RIGHT OF ACTION — SPECIAL DAMAGE — NECESSITY—"PREJUDICIAL."

Under Rev. St. 1911, art. 4643, authorizing an ·injunction where the applicant is entitled to the relief demanded, which requires the restraint of some act prejudicial to the applicant, "prejudicial" means harmful or injurious, and a private person cannot enjoin as a property holder the operation of disorderly houses in a nearby segregated district unless he shows special damage by decrease of value in his own property.

[Ed. Note.—For other cases, see Nuisance. Cent. Dig. §§ 164–169; Dec. Dig. ⊜⇒72.

For other definitions, see Words and Phrases. Second Series, Prejudicial.]

Appeal from District Court, Harris County; J. A. Read, Judge.

Action by J. W. Baker against Sadie Coman and others. From a judgment and order that injunction issue against defendants, the defendants, except the Mayor and Aldermen of the City of Houston, appeal. Reversed, and injunction dissolved.

S. B. Ehrenwerth, Campbell, Sewall & Myer, Hutcheson & Hutcheson, Hume & Hume, Kahn & Williams, Jno. M. Cobb, and Heidingsfelders, all of Houston, and Smith, Crawford & Sonfield, of Beaumont, for appellants. Kittrell & Kittrell, of Houston, for appellee.

HARPER, C. J. This was an action brought by appellee as a private citizen, against appellants as owners, lessees, and tenants seeking an injunction suppressing bawdyhouses, situated in what is known as the "Reservation," the district segregated by ordinance of the city of Houston, and against the mayor and aldermen of the city of Houston, seeking to enjoin the enforcement of the ordinance of segregation. Plaintiff pleaded section 16, art. 2, of the Charter of the City of Houston, providing, among other powers conferred, or attempted to be conferred, upon the city of Houston, "to prohibit and pun-

ish keepers and inmates of bawdyhouses and variety shows, prevent and suppress assignation houses and houses of ill fame, and to regulate, colonize and segregate the same, and to determine such inmates and keepers to be vagrants and provide for the punishment of such persons." Appellee further alleged that, acting under and by virtue of the powers conferred, or assumed to be conferred, upon it by said section, the city council of the city of Houston enacted an ordinance colonizing and segregating houses of ill fame and assignation houses; said ordinance being set out in full by appellee. Appellee alleged special injury through the maintenance of the said houses and the enforcement of said ordinance, and that, if not specially damaged thereby, he was entitled to the relief sought under the act of April 18, 1907 (Acts 30th Leg. p. 246); that while the law contains a proviso that it shall not apply to cities with special charters authorizing the setting apart of a "Reservation," yet, notwithstanding that provision, plaintiff has the right, as a citizen of Houston, to an injunction against the keeping of a bawdyhouse in said city. The mayor and aldermen of the city of Houston, and the appellants therein, admitted the passage of the ordinance, pleaded the actual segregation by ordinance of the bawdyhouses in a designated part of the city of Houston, and denied any special injury or damage to the appellee by reason of the existence of said houses. The court, under proper instructions, submitted to the jury the question whether or not appellee suffered special damage or injury by reason of the existence and maintenance of said bawdyhouses, and the jury answered that appellee suffered no special damage or injury thereby. The court entered a decree in favor of appellee, plaintiff below, but denied the injunction against the mayor and aldermen of the city of Houston to restrain the enforcement of the segregation ordinance. From this decree all defendants appealed, except the mayor and aldermen.

The appellants' assignments of error urge that the court erred in rendering judgment for plaintiff, granting an injunction, because plaintiff complaining of a public nuisance, and the jury having found that he suffered no special damage or injury by reason thereof, he was not entitled to the writ under the general principles of equity, and because the Legislature, by article 4689, R. S., exempted the* district in question from the operation of the statute, appellee has no statutory remedy. On the other hand, the appellee contends that he is entitled to the relief asked regardless of whether he suffered special injury or not, first, under article 4643, R. S. 1911, which provides that parties shall have the injunction where it shall appear that the party applying is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant; second, under

article 4689, R. S. 1911, which provides for enjoining bawdy or disorderly houses as a nuisance.

### Finding of Facts.

The city of Houston operates under special charter granted by the Legislature.

That section 16, art. 2, of said charter provides, among other powers conferred, that, "to prohibit and punish keepers and inmates of bawdyhouses * * * and to regulate, colonize and segregate same," etc.

That the city council passed an ordinance confining bawds and bawdyhouses to a designated district in said city; that plaintiff owns approximately a hundred acres of land in the city of Houston; that the reservation as established is six blocks from plaintiff's east line.

The only question or issue submitted by the court is:

"Has or has not the establishment and maintenance of the 'Reservation,' as located and situated under the city ordinance in question, resulted proximately in any special damage to plaintiff, by causing plaintiff's property to be substantially less in market value than it would be but for the establishment and maintenance of said reservation? Answer: We find it has not."

[1] Under this statement of facts, is the decree to be upheld under the act of April 18, 1907, providing for the enjoining of the habitual, actual, threatened, or contemplated use of any premises for the purpose of keeping or being interested in, aiding, or abetting the keeping of a bawdyhouse at the suit of either the state or any citizen and without reference to special injury? This act contains the following:

" * * * Providing that the provisions of this and the succeeding article shall not apply to, nor be so construed as to interfere with the control and regulation of bawds and bawdyhouses by ordinance of incorporated towns and cities, acting under special charters, and where the same are actually confined by ordinance of such city within a designated district of such city."

The pleadings and proof show Houston is a city acting under such special charter, and that all the bawds and bawdyhouses complained of, in plaintiffs' petition, are located in a district theretofore designated by the city council of said city. It is clear that the appellees are not entitled to their injunction under this statute, because it does not apply to such segregated districts.

[2] That the Legislature may exempt certain portions of the state from the operation of the provisions of either a civil or penal statute is not questioned. It is equally true that this authority of the Legislature of a state cannot be delegated to any other body, but the act of the city council defining and designating the district is in no sense an attempt to exempt such territory of the state from the operation or enforcement of any statute. The Legislature has done this. It follows that the Legislature could not delegate the authority to a city council to exempt those coming within the meaning of bawds, or keepers of bawdy houses, from

prosecution, and any ordinance passed to such effect would be void. Brown v. City of Dallas, 104 Tex. 290, 137 S. W. 342, Ann. Cas. 1914B, 504.

[3] But if we concede that the Legislature, in limiting the operation of this statute to all portions of the state not designated by ordinance for bawdyhouses, acted without constitutional authority—in other words, if there exists no constitutional authority to exempt such segregated districts from the operation of the act—we have no means of knowing that the Legislature would have passed such an act and made it applicable to cities operating under special charter granted by it, so to strike out this portion which appellee contends is unconstitutional, and at the same time hold the balance of the act valid, would be to make, by judicial construction, a law which the Legislature did not make. A., T. & S. F. Ry. Co. v. Mills, 49 Tex. Civ. App. 349, 108 S. W. 480.

But, on the other hand, we think the history of the enactment of the act in question, as revealed by the Senate and House Journals, shows conclusively that it would not have been passed but for the proviso ·exempting cities as it does.

There is another well-settled rule of law which interferes with appellee's right to claim under this statute, because of any unconstitutional feature of it, he must show that some right which he has is being or is about to be invaded by its enforcement. 6 Ruling Case Law, §§ 87–90; Young v. City of Colorado, 174 S. W. 994.

The Legislature has not by this act given appellee the remedy of injunction to suppress the persons named from committing the crimes charged; therefore the decree finds no support under it.

[4] This brings us to the real contention of the appellee that he is entitled to the relief asked, regardless of whether he had suffered special injury or not. If he has such remedy it is now by statute. The law in former times was that it was only where property or civil rights were involved and irreparable injury to such rights were threatened, or about to be committed, for which no adequate remedy existed at law, that the courts would interfere by injunction for the purpose of protecting such rights. But by article 4643, Rev. Civ. Stat. 1911, as construed by the courts, if a person shows himself entitled to the writ under the principles of equity, it will issue whether he have an adequate remedy or not. The portions of this act invoked by appellee are:

"That judges of the district courts shall either in term time or vacation, hear and determine all applications, and may grant writs of injunction, returnable to said courts in the following cases, where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant."

"Prejudicial," in the sense used, means injury or harm. The appellee has based his prayer for the writ upon the charge alone that his property lying adjacent to the reservation is thereby decreased in value. This question was submitted to the jury by the court as above quoted, and the jury found that his property was not so decreased in value. Notwithstanding this finding by the jury, the court entered a judgment for appellee, granting the writ of injunction. The view we take of the case is that, the appellee not having pleading and evidence to support the decree upon any other theory than that his property was injured in value, the court was not authorized to grant him the relief prayed for in the face of the verdict of the jury, but should have denied the writ.

Reversed and rendered, and the injunction dissolved.